UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD STANFIELD JR.                                CIVIL ACTION

VERSUS                                              NO. 09-7183

MARLIN GUSMAN SHERIFF                               SECTION "D"(4)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). On December 14, 2009, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2] Upon review of the entire record, the Court has determined this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 8. The plaintiff was sworn prior to testifying. The hearing was digitally recorded.

## I. Factual Background

### A. The Complaint

The plaintiff, Ronald Stanfield Jr. ("Stanfield"), is a prisoner currently housed in the Orleans Parish Prison ("OPP"). He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendant, Orleans Parish Sheriff Marlin Gusman, challenging the conditions of his confinement in the House of Detention ("HOD") within the Orleans Parish Prison system.

Stanfield alleges that he had been subjected to unconstitutional living conditions at HOD. He alleges that the facility is not sanitized and has mice, cold water, peeling paint from the walls and bunks, and no windows to close in the winter months. He complains that the inmates are not provided with proper clothing or cleaning supplies. He also states that the inmates are forced to sleep on metal bunks without bedding. He also alleges that there are convicted inmates housed with pretrial detainees. As relief, Stanfield seeks an order to have the HOD building closed because of the deplorable living conditions and because it is unfit for housing inmates.

In the attachment to his complaint, Stanfield further alleges that the prison is overcrowded. He also claims that the mail is held up, no recreation is provided, and the inmates remain locked in their cells for 23 hours per day. He alleges that some inmates have staff infections and the medical care is poor. He further states that the administration does not respond to the inmates' complaints. He also alleges that the prison is under the supervision of Sheriff Gusman.

### B. The *Spears* Hearing

Stanfield testified that, on September 30, 2009, he was placed in a cell on the fourth floor of HOD, and that he is currently housed in OPP. He had been arrested on July 14, 2009, on a simple burglary charge and was awaiting trial expected for January 11, 2010.

With regard to the unconstitutional living conditions, he complained that the paint was peeling in HOD, it was dirty, and the building was unsanitary. He claims that this is also true of OPP where he is currently housed. He claimed that the ventilation in HOD was poor, and the inmates were not provided with cleaning supplies.

Stanfield stated that he was moved to OPP, a maximum security area, in spite of his pretrial status. He further complained that he was housed with inmates charged with violent crimes, and conceded that they too are pretrial detainees. He also claims that it takes five to seven days to get a medical appointment at the prison.

Stanfield further testified that he filed grievances complaints with HOD and OPP officials and did not receive responses to either complaint. He also stated that he orally complained to his tier representative and ranking officers on the tier.

Stanfield further testified that he is an American Muslim. He complained that, on September 30, 2009, his prayer rug and a bed blanket were taken by Sergeant Johnson during a search of his cell in HOD. He recalled that Sergeant Morrell told Sergeant Johnson that there were two Muslims on the tier and that he was not to take the prayer rugs. Sergeant Johnson took them anyway, and they were never returned. Since that time, he had to use a bed blanket for a prayer rug.

He also stated that he submitted two inmate grievance forms to Major Jenkins, and he received no reply. He further complained that this occurred during the month of Ramadan, which was 30 days of fasting and prayer from September 1, 2009, to October 1, 2009.

Stanfield indicated to the Court that he filed a separate federal complaint concerning the taking of his prayer rug. The Court confirmed to him that the instant complaint only involved unconstitutional living conditions.

Stanfield testified that he filed suit against the Sheriff because he was the supervisor over the people who took his rug and over the prison. He conceded that he had no information that Sheriff Gusman was aware of these incidents.

## II. **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

4

**III.     Analysis**

   **A.     Claims Concerning Seizure of His Prayer Rug**

Stanfield raised for the first time in this civil action that Sergeant Johnson took his prayer rug during a search on September 30, 2009. Stanfield advised the Court at the *Spears* Hearing that he raised this claim in a separate § 1983 civil rights complaint. The records of this Court reflect that on November 10, 2009, the clerk of court filed Stanfield's other complaint under Civ. Action No. 09-7180"F"(5), in which he seeks damages for the seizure of his prayer rug against Sheriff Gusman, Sergeant K. Johnson, and Major Jenkins. That civil action is still pending before another section of this Court, with a status conference set before the assigned Magistrate Judge for April 13, 2010.

Stanfield, through his *Spears* Hearing testimony has added the same allegations that were raised in the lower-numbered suit before another section of the Court. A claim brought in an *in forma pauperis* complaint shall be dismissed if it is found to be frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Duplicative and repetitive claims are deemed malicious for purposes of § 1915 review. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Thus, a duplicative claim brought in an *in forma pauperis* complaint must be dismissed under § 1915(e)(2)(B)(i). Stanfield's attempt to reassert the same claim in the captioned action that is already pending in the prior case, Civ. Action No. 08-7180"F"(5), must be dismissed as malicious.

   **B.     Conditions of Confinement Claims Against Sheriff Gusman**

Stanfield alleges that the conditions of his confinement in HOD and later in OPP were unsanitary and unsuitable in violation of his constitutional rights. He testified that he filed this suit against Sheriff Gusman as a supervisory authority over the jail and the person's employed there.

He conceded that he had no information to suggest that Sheriff Gusman was aware of his complaints.

"Prison conditions constitute cruel and unusual punishment if they involve the 'wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103-04 (5th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hutto v. Finney*, 437 U.S. 678, 687 (1978)). Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *accord Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Downey v. Denton County*, 119 F.3d 381, 385-86 (5th Cir. 1997). To succeed on a claim of unconstitutional conditions of confinement, this Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303).

### 1. <u>No Liability in a Supervisory Capacity</u>

A supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of [the prisoner's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v.*

*Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Stanfield has not alleged that Sheriff Gusman was personally involved in the acts about which he complains, and he has no basis to believe that Sheriff Gusman had personal knowledge of a deliberate indifference towards his complaints. For the foregoing reasons, the claims against Sheriff Gusman in his supervisory capacity over HOD and OPP are therefore frivolous and otherwise fail to state a claim for which relief can be granted.

### 2. **No Physical Injury Alleged**

The Court further notes that Stanfields's claims are frivolous and fail to state a claim because he has failed to allege a physical injury resulting from the conditions of his confinement.

Under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury)).

In this case, Stanfield has failed to allege such an injury. At the *Spears* Hearing he suggested that the poor ventilation and conditions of his cell may have caused him to suffer stomach aches. In *Alexander*, the Fifth Circuit held that vomiting and nausea were *de minimis* injuries and were insufficient for recovery under § 1997e(e)). *Alexander*, 351 F.3d at 631. Thus, any temporary or occasional stomach discomfort would not suffice to state a physical injury under § 1915e(e).

7

For these reasons, Stanfield's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted.

## IV. Recommendation

It is therefore **RECOMMENDED** that Stanfield's §1983 claim against Sheriff Gusman challenging the seizure of his prayer rug be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further **RECOMMENDED** that Stanfield's § 1983 claims against Sheriff Gusman challenging the conditions of his confinement be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 21st day of April, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.